UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JIMENEZ,

    Plaintiff,

v.                                            Case No. 8:11-cv-1749-T-23AEP

BERNIE McCABE, et al.,

    Defendants.
_____/

## O R D E R

Jimenez's complaint (Doc. 1), liberally construed as supplemented by his "Notice of Intent to Sue" (Doc. 6), alleges that the defendants violated his civil rights by filing a criminal information notwithstanding the absence of probable cause. Jimenez was granted leave to proceed in forma pauperis (Doc. 8). The Prisoner Litigation Reform Act requires dismissal of an in forma pauperis prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although entitled to a lenient construction, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), the pro se complaint lacks merit.

Jimenez alleges that, despite the absence of probable cause, Bernie McCabe (the State Attorney for the Sixth Judicial Circuit) and his assistants have charged him with crimes. Jimenez also sues his public defender, judges, numerous police officers

and law enforcement entities, private individuals, and private corporations.  Jimenez fails to state a claim that he can pursue in a civil rights action.

Jimenez's allegations against the judges show that each acted in the capacity of a judge.  A state court judge is entitled to absolute immunity from suit in a civil rights case for an act that is within the scope of judicial authority.  Bradley v. Fisher, 80 U.S. (13 Wall.) 355 (1871);  Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719 (1980);  Jones v. Cannon, 174 F.3d 1271, 1281-82 (11th Cir. 1999).  The absence of immunity would eviscerate the constitutional independence of the judiciary.  Dennis v. Sparks, 449 U.S. 24, 31 (1980).  The doctrine of judicial immunity is not defeated because a case is filed under Section 1983.  Consumers Union, 446 U.S. 734-35.

Jimenez's allegations against the prosecutors show that each acted in the capacity of a prosecutor.  Prosecutorial immunity precludes Jimenez's recovering either compensatory or punitive damages.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.");  Jones, 174 F.3d at 1281 ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . .'" quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)).  See also Hart v. Hodges, 587 F.3d 1288, 1294-96 (11th Cir. 2009), cert. denied ___ U.S. ___, 130 S. Ct. 3389 (2010), for a thorough review of the breadth of prosecutorial immunity.

Jimenez sues several private individuals and entities, including his defense attorney.  To assert a valid Section 1983 claim, a plaintiff must show that the defendant acted under color of law.  "[M]ost rights secured by the Constitution are protected only against infringement by governments." Flagg Brothers Inc. v. Brooks, 436 U.S. 149, 156 (1978).  "Th[e Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Shelley v. Kraemer, 334 U.S. 1 (1948). See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982); Campbell v. United States, 962 F.2d 1579, 1582 (11th Cir. 1992), cert. denied, 507 U.S. 909 (1993). No defense counsel—whether publicly provided or privately retained—acts under color of law.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dobson 454 U.S. 312, 325 (1981).  Jimenez's allegations are based on his counsel's actions while "performing a lawyer's traditional functions" as described in Dobson.  Therefore, Jimenez's defense counsel was not acting under color of state law and is not liable under Section 1983.

Similarly, Jimenez asserts no civil rights claim against private individual or a private corporation because neither acted under color of state law. See generally Dennis v. Sparks, 449 U.S. 24 (1980).  "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 (1982), quoting Flagg Brothers Inc., 436 U.S. at 156.

Finally, Jimenez asserts no act by a law enforcement officer or a law enforcement entity beyond the normal investigative practice and crime laboratory testing.  Jimenez asserts no fact showing the violation of a protected civil right.  Jimenez cannot use a civil rights complaint to thwart a state criminal proceeding.  Generally, the "abstention doctrine" bars federal intervention into an ongoing state court proceeding.  "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  Younger v. Harris, 401 U.S. 37, 45 (1971).  Accord Lawrence v. Miami-Dade State Attorney, 272 Fed. App'x 781, 781-82 (11th Cir. 2008) ("[A] federal court may not interfere with ongoing state criminal proceedings except in the most extraordinary circumstances.").

Accordingly, the civil rights complaint is **DISMISSED**.  Jimenez's motions (Doc. 7 and 8), in which he seeks access to a law library and legal supplies and discovery in a pending state criminal proceeding, are **DENIED**.  The clerk shall enter a judgment against Jimenez and close this case.

ORDERED in Tampa, Florida, on September 20, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE